STATHOPOULOS, Plaintiff in error, vs. HANLEY, Sheriff, Defendant in error.

*January 17—February 25, 1947.*

The cause was submitted for the plaintiff in error on the brief of *Fons, Stoecker & Mietus* of Milwaukee, and for the defendant in error on the brief of the *Attorney General, William A. Platz,* assistant attorney general, *William J. McCauley,* district attorney of Milwaukee county, and *Joseph E. Tierney,* deputy district attorney.

FRITZ, J.   In the *habeas corpus* proceeding in the circuit court, the district court's ruling that the crime charged was committed by Stathopoulos, the plaintiff in error, was challenged, and he contended that there was not probable cause for the magistrate to believe that Stathopoulos was guilty of the crime charged.   His contention was based upon his claims that the testimony of the complaining witness is incompetent and unreliable; that this has prevented the state from establishing that an offense was actually committed; and that therefore the binding over of the plaintiff in error was beyond the jurisdiction of the magistrate; and plaintiff in error was entitled to be discharged, and is entitled to his release upon the writ of *habeas corpus*.   In passing upon contentions such as these in a *habeas corpus* proceeding to test the legality of a peti-

tioner's detention pursuant to an examining· magistrate's determination after a preliminary examination, there is applicable the well-established rule that,—

"the reviewing court can examine the evidence only sufficiently to discover whether it rendered the charge against the prisoner within reasonable probabilities and there was any substantial ground for the exercise of judgment by the committing magistrate. When the reviewing court has discovered that there was competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts, it has reached the limit of its jurisdiction and cannot go beyond that and weight the evidence." *Chambers v. State,* 235 Wis. 7, 9, 291 N. W. 772.

Upon our review of the entire evidence admitted on the preliminary hearing, our conclusions are that under the evidence it was clearly within the province of the examining magistrate to consider the testimony of the complaining witness neither ·incompetent nor unreliable, and to consider the credibility, weight, and effect of her testimony, in connection with the other evidence, to be such as to render the charge against the petitioner within reasonable probabilities so that there was substantial ground for the exercise of judgment by the committing magistrate in the manner in which he did.

In view of our conclusions, as stated above, no useful purpose will be served by stating or discussing in detail the testimony as to disreputable circumstances which there is no need to record in our decisions. It suffices to add that in this case there is no evidence which can be deemed to prove such mental incompetence on the part of the complaining witness to testify as there was in *Hancock v. Hallmann,* 229 Wis. 127, 281 N. W. 703; in which we held that because there was proof which did establish the mental incompetency of such a witness in that respect, and because the magistrate's action rested solely on the testimony of that incompetent witness, the magistrate acted without jurisdiction.

*By the Court.*—Order affirmed.